UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE PASCAL,<br><br>Plaintiff,<br><br>v.<br><br>AGENTRA, LLC, et al.,<br><br>Defendants. | Case No. 19-cv-02418-DMR<br><br>**ORDER ON DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. No. 20 |

Defendants Agentra, LLC ("Agentra") and Data Partnership Group, LP ("DPG") move pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff Lawrence Pascal's first amended complaint. [Docket No. 20.] This matter is suitable for resolution without a hearing. Civ. L.R. 7-1(b). For the following reasons, the motion is granted.

**I.  BACKGROUND**

In this putative class action, Plaintiff challenges Defendants Agentra, DPG, and I Health and Life Insurance Services's ("IHL") alleged practice of making unauthorized phone calls to telephones of consumers nationwide and playing artificial or prerecorded voice messages. Plaintiff makes the following allegations in the first amended complaint ("FAC"), all of which are taken as true for purposes of this motion.[1]

Agentra is a Texas company that sells health insurance plans. DPG provides financing and/or administration services for Agentra's plans, and IHL is an authorized sales agent for Agentra and DPG's products and services. [Docket No. 17 (FAC) ¶¶ 20, 27-29.] Defendant Doe is a company that performs robocalls, or "artificial or prerecorded voice message telemarketing

---

[1] When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted).

calls" to cellular and residential phones. *Id*. at ¶¶ 2, 3, 30. IHL hired Doe on behalf of Agentra and DPG to market their products and services. *Id*. at ¶ 31. Doe "placed robocalls on a mass scale to generate sales for IHL's health insurance products and services from Agentra and [DPG]" without the recipients' consent. *Id*. at ¶¶ 33, 37.

On April 4, 2019, Plaintiff received a call on his cell phone from Doe at the number 970-713-2254. *Id*. at ¶¶ 38-39. When he answered the call, he heard an artificial or prerecorded voice "advertising lower rates on health insurance" and instructing Plaintiff to "press one" to speak to a representative. After he "pressed one," Plaintiff was connected to a representative who hung up on him when he asked the name of the company calling. *Id*. at ¶¶ 40-41. In order to identify the caller, Plaintiff called 970-713-2254 and "heard a message indicating that the company was selling health insurance." Plaintiff then asked his attorney to investigate the call. Plaintiff's attorney called the number 970-713-2254 and spoke with a live representative who "solicited a health plan" and refused to disclose "the name of the company." *Id*. at ¶¶ 42-46. Plaintiff's attorney then purchased a health insurance policy from the representative, and "immediately received an email identifying Defendants Agentra and IHL, copying the email address 'support@ilifeandhealth.com' stating 'Welcome to Agentra Healthcare Solutions' and assigning" a member identification number. In a welcome letter, DPG "indicated it would be providing financing and/or administration for billing purposes." *Id*. at ¶¶ 48, 49. Plaintiff never consented to receive calls from any of the defendants. *Id*. at ¶ 50. He alleges that "Agentra, IHL and [DPG] knowingly and actively accepted business that originated through the illegal telemarketing calls placed by John Doe 1." *Id*. at ¶ 64.

Plaintiff brings two claims against Defendants on behalf of himself and a class and subclass of individuals: 1) violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227; and 2) violation of the California Consumers Legal Remedies Act, California Civil Code section 1770(a)(22)(A).

Defendants Agentra and DPG now move to dismiss the TCPA claim.

**II.   LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in

2

the complaint. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint," *Erickson*, 551 U.S. at 94 (2007) (citation omitted), and may dismiss a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)) (quotation marks omitted). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir. 2001), *overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

## III. DISCUSSION

### A. TCPA Claim

The TCPA makes it unlawful for any person in the United States

> to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call . . . .

47 U.S.C. § 227(b)(1)(A)(iii). It also makes it unlawful for any person in the United States "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party," subject to certain exceptions. 47 U.S.C. § 227(b)(1)(B).

"The three elements of a TCPA claim are: (1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent." *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012) (citing

47 U.S.C. § 227(b)(1)). "For a person to 'make' a call under the TCPA, the person must either (1) directly make the call, or (2) have an agency relationship with the person who made the call." *Abante Rooter & Plumbing v. Farmers Grp., Inc.*, No. 17-CV-03315-PJH, 2018 WL 288055, at *4 (N.D. Cal. Jan. 4, 2018) (citing *Gomez v. Campbell-Ewald Co.*, 768 F.3d 871, 877-79 (9th Cir. 2014)); *see Thomas v. Taco Bell Corp.*, 582 Fed. Appx. 678, 679 (9th Cir. 2014) ("[t]here are two potential theories of liability [for a section 227(b) violation]: (1) direct liability; and (2) vicarious liability.").

Agentra and DPG move to dismiss the TCPA claim, arguing that the FAC does not allege that either of them made the calls in question and does not plausibly allege their liability for the calls under a vicarious liability theory. In response, Plaintiff concedes that Agentra and DPG did not make the calls in question and so are not directly liable under the TCPA. Instead, he contends that Agentra and DPG are vicariously liable for the calls.

"[A] defendant may be held vicariously liable for TCPA violations where the plaintiff establishes an agency relationship, as defined by federal common law, between the defendant and a third-party caller." *Gomez*, 768 F.3d at 879. Three common law agency theories may provide a basis for vicarious liability for violations of section 227(b): actual authority, apparent authority, and ratification. *See Jones v. Royal Admin. Servs., Inc.*, 887 F.3d 443, 448-49 (9th Cir. 2018) (describing "bedrock theories of agency" through which "a principal can be held liable for the legal consequences of its agent's conduct"); *Thomas*, 582 Fed. Appx. at 679 (citing *In re DISH Network, LLC*, 28 FCC Rcd. 6574, 6590 n.124 (2013)).

Plaintiff contends that Agentra and DPG face liability under each of those theories of vicarious liability. Opp'n 3-8.

### 1. Actual Authority

In order to establish that Doe had "actual authority" to place calls on behalf of Agentra and DPG, Plaintiff must establish both an agency relationship *and* "actual authority to place the unlawful calls." *Jones v. Royal Admin. Servs., Inc.*, 887 F.3d 443, 449 (9th Cir. 2018). "Agency is the fiduciary relationship that arises when one person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's

4

control, and the agent manifests assent or otherwise consents so to act." *Mavrix Photographs, LLC v. Livejournal, Inc.*, 873 F.3d 1045, 1054 (9th Cir. 2017) (quoting Restatement (Third) of Agency § 1.01 (Am. Law Inst. 2006)); *see also United States v. Bonds*, 608 F.3d 495, 506 (9th Cir. 2010) ("To form an agency relationship, both the principal and the agent must manifest assent to the principal's right to control the agent."). For an agency relationship to exist, an agent must have authority to act on behalf of the principal and the principal must have the right to control the agent's actions. *Mavrix*, 873 F.3d at 1054. Further, "[a]gency means more than mere passive permission; it involves request, instruction, or command." *Thomas v. Taco Bell Corp.*, 879 F. Supp. 2d 1079, 1085 (C.D. Ca. 2012) (quoting *Klee v. United States*, 53 F.2d 58, 61 (9th Cir. 1931)). "Although the precise details of the agency relationship need not be pleaded to survive a motion to dismiss, sufficient facts must be offered to support a reasonable inference that an agency relationship existed." *Kristensen v. Credit Payment Servs.*, 12 F. Supp. 3d 1292, 1301 (D. Nev. 2014). As to "actual authority to place the unlawful calls," the Ninth Circuit has held that "[a]ctual authority is limited to actions 'specifically mentioned to be done in a written or oral communication' or 'consistent with' a principal's 'general statement of what the agent is supposed to do.'" *Jones*, 887 F.3d at 449.

The court concludes that the FAC does not sufficiently allege the existence of an agency relationship between Agentra and/or DPG on the one hand and Doe, the purported caller, on the other. Nor does the operative complaint allege facts supporting an inference that Doe had "actual authority" to make the robocalls on their behalf. In order to allege actual authority, Plaintiff must allege facts showing that Agentra and DPG controlled or had the right to control Doe; that Agentra, DPG, and Doe "manifest[ed] assent" to their right to control Doe, *see Mavrix*, 873 F.3d at 1054; and that Agentra and DPG either communicated a direction to Doe to engage in robocalls or the robocalls were "consistent with" Agentra and DPG's "general statement of what [Doe] [was] supposed to do." *See Jones*, 887 F.3d at 449. Here, the only allegations in the FAC connecting Agentra or DPG with Doe are that IHL, as Agentra and DPG's authorized sales agent, hired Doe "to market [Agentra and DPG's] products and services" by "call[ing] thousands of phones at a time using an artificial or prerecorded voice message." FAC ¶¶ 31-32. The FAC also

5

contains the conclusory allegation that "Agentra, IHL, and [DPG] knowingly and actively accepted business that originated through the illegal telemarketing calls placed by John Doe 1." *Id*. at ¶ 64. These allegations are insufficient to support a theory of agency liability based on actual authority.

### 2. Apparent Authority

Apparent authority is an agency theory by which "a principal can be held liable for the legal consequences of its agent's conduct" where the agent "act[s] with apparent authority in its dealings with a third party purportedly on behalf of the principal[.]" *Jones*, 887 F.3d at 449. "Apparent authority arises from the principal's manifestations to a third party that supplies a reasonable basis for that party to believe that the principal has authorized the alleged agent to do the act in question." *N.L.R.B. v. Dist. Council of Iron Workers of the State of Cal. & Vicinity*, 124 F.3d 1094, 1099 (9th Cir. 1997) (citing *N.L.R.B. v. Donkin's Inn*, 532 F.2d 138, 141 (9th Cir. 1976)); *see also* Restatement (Third) of Agency § 2.03 (2006) ("[a]pparent authority is the power held by an agent . . . to affect a principal's legal relations with third parties when a third party reasonably believes the actor has authority to act on behalf of the principal and that belief is traceable to the principal's manifestations."). The Ninth Circuit has explained that "[a]pparent authority results when the principal does something or permits the agent to do something which reasonably leads another to believe that the agent had the authority he purported to have." *Donkin's Inn*, 532 F.2d at 141 (quoting *Hawaiian Paradise Park Corp. v. Friendly Broadcast Co.*, 414 F.2d 750, 756 (9th Cir. 1969)). Examples of manifestations that give rise to apparent authority include

> [the principal's] direct statements to the third person, directions to the agent to tell something to the third person, or the granting of permission to the agent to perform acts and conduct negotiations under circumstances which create in him a reputation of authority in the area which the agent acts and negotiates.

*Donkin's Inn*, 532 F.2d at 141 (quoting *Hawaiian Paradise*, 414 F.2d at 756).

Apparent authority "must be established by proof of something said or done by [the principal] on which [a third party] reasonably relied"; it "cannot be established merely by showing that [the purported agent] claimed authority or purported to exercise it." *Dist. Council*, 124 F.3d

6

at 1099. "Apparent authority exists only as to those to whom the principal has manifested that an agent is authorized. There is, therefore, tort liability only if such a manifestation and its execution by the apparent agent results in harm." *Thomas*, 582 Fed. Appx. at 679 (quoting Restatement (Second) of Agency § 265 cmt. *a* (1958)).

Here, the FAC does not plead sufficient facts to support an apparent authority theory that Agentra and/or DPG is vicariously liable for the allegedly illegal telemarketing calls. *See Thomas*, 582 Fed. Appx. at 679-80; *see, e.g., Canary v. Youngevity Int'l, Inc.*, No. 5:18-cv-03261-EJD, 2019 WL 1275343, at *8 (N.D. Cal. Mar. 20, 2019) (holding plaintiff failed to plead apparent authority theory where he "does not allege that he reasonably relied upon something said or done by [defendant] to his detriment").[2]

### 3. Ratification

Finally, Plaintiff asserts a ratification theory of agency. Ratification is "the affirmance of a prior act done by another, whereby the act is given effect as if done by an agent acting with actual authority." *Kristensen v. Credit Payment Servs. Inc.*, 879 F.3d 1010, 1014 (9th Cir. 2018) (quoting Restatement (Third) of Agency § 4.01(1)). "Although a principal is liable when it ratifies an originally unauthorized tort, the principal-agent relationship is still a requisite, and ratification can have no meaning without it." *Thomas*, 582 Fed. Appx. at 680 (quoting *Batzel v. Smith*, 333 F.3d 1018, 1036 (9th Cir. 2003) (footnote omitted)). As discussed above, the FAC fails to sufficiently allege an agency relationship between Agentra and/or DPG on the one hand and Doe, the purported caller, on the other. It also fails to allege facts that support the affirmance by Agentra and/or DPG of a prior act done by Doe. Therefore, it does not state a ratification theory

---

[2] It is not clear whether a party seeking to plead an apparent authority theory of liability must also sufficiently allege an agency relationship. While the Ninth Circuit has expressly held that a party must establish an agency relationship in order to maintain theories of actual authority and ratification under the TCPA, *see Jones*, 887 F.3d at 449, and *Thomas*, 582 Fed. Appx. at 680 (quoting *Batzel v. Smith*, 333 F.3d 1018, 1036 (9th Cir. 2003)), the court's own research did not yield a definitive answer to this question with respect to apparent authority. The Restatement (Third) of Agency suggests that an agency relationship is not a requisite to establish apparent authority: "The definition in this section does not presuppose the present or prior existence of an agency relationship . . . [t]he definition thus applies to actors who appear to be agents but are not, as well as to agents who act beyond the scope of their actual authority." Restatement (Third) of Agency § 2.03 (2006).

of agency.

In sum, the TAC does not sufficiently allege facts giving rise to a plausible inference that Agentra and/or DPG "made" the calls under the meaning of the TCPA. Accordingly, Plaintiff's section 227(b) claims are dismissed without prejudice.

### B. CRLA Claim

The CLRA makes unlawful:

> Disseminating an unsolicited prerecorded message by telephone without an unrecorded, natural voice first informing the person answering the telephone of the name of the caller or the organization being represented, and either the address or the telephone number of the caller, and without obtaining the consent of that person to listen to the prerecorded message.

Cal. Civ. Code § 1770(a)(22)(A).

In their opening brief, Defendants make no reference to Plaintiff's CLRA claim. On reply, they argue that the CLRA claim is premised on the same vicarious liability theory as the TCPA claim, and that the arguments in favor of dismissal of the TCPA claim apply to the CLRA claim. *See* Reply 7. While it is improper to raise arguments for the first time on reply, as noted above, Plaintiff does not allege that Agentra and/or DPG made the calls in question. Accordingly, Plaintiff's vicarious liability theory applies equally to the CLRA claim. For the same reasons discussed above, the FAC does not sufficiently state a vicarious liability theory as to Agentra and DPG. Accordingly, the CLRA claim is dismissed with leave to amend.

## IV. CONCLUSION

For the foregoing reasons, Agentra and DPG's motion to dismiss the TCPA and CRLA claims is granted with leave to amend. Any amended complaint must be filed within 14 days of the date of this order.

**IT IS SO ORDERED.**

Dated: October 16, 2019



_____
Donna M. Ryu
United States Magistrate Judge